1  JASON M. FRIERSON
   United States Attorney
2  Nevada Bar Number 7709
   JIM W. FANG
3  Assistant United States Attorney
   501 Las Vegas Boulevard South, Suite 1100
4  Las Vegas, Nevada 89101
   Phone: (702) 388-6336
5  Email: jim.fang@usdoj.gov
   *Attorneys for the United States of America*

6

7                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**

8  UNITED STATES OF AMERICA,              Case No. 2:22-mj-642-DJA

9                Plaintiff,               ORDER ₁ **to Continue the Preliminary
                                          Hearing (Second Request)**
10         v.

11 DEANDRA MICHELLE SMITH,

12                Defendant.

13

14         It is hereby stipulated and agreed, by and between Jason M. Frierson, United States

15 Attorney, through Jim W. Fang, Assistant United States Attorney, and Brian Pugh,

16 Assistant Federal Public Defender, counsel for Defendant Deandra Michelle Smith, that the

17 preliminary hearing in the above-captioned matter, previously scheduled for February 27,

18 2023, at 4:00 p.m., be vacated and continued until a time convenient to the Court, but no

19 earlier than 90 days from the current setting.

20         1.      Federal Rule of Criminal Procedure Rule 5.1(d) provides that "[w]ith the

21 defendant's consent and upon a showing of good cause—taking into account the public

22 interest in the prompt disposition of criminal cases—a magistrate judge may extend the time

23 limits [for preliminary hearings] one or more times." Here, the parties desire to explore the

24

potential to resolve this matter before defendant is formally charged by a criminal indictment.

2.      In that regard, the government has provided defense counsel with limited discovery in order to facilitate pre-indictment resolution, and the parties are engaged in plea negotiations in an attempt to resolve this matter pre-indictment. The parties need additional time to finalize any agreement, and if such an agreement is reached, the Court will need time to review and consider the agreement. To the extent an agreement cannot be reached, the defense will need additional time to prepare for a possible indictment/trial.

3.      This continuance is not sought for the purposes of delay, but to allow defense counsel an opportunity to examine the merits of this case, to prepare for a possible indictment/trial, and to reach a potential resolution between the parties.

4.      Defendant is not in custody and agrees to the continuance.

5.      Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

6.      The additional time requested by this stipulation is excludable in computing the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

DATED this 22nd day of February, 2023.

JASON M. FRIERSON
United States Attorney

_s/ Jim W. Fang_                                       _s/ Brian Pugh_
JIM W. FANG                                            BRIAN PUGH
Assistant United States Attorney          Assistant Federal Public Defender
*Counsel for the United States*                 *Counsel for Defendant*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

          Plaintiff,

      v.

DEANDRA MICHELLE SMITH,

          Defendant.

Case No. 2:22-mj-642-DJA

**FINDINGS AND ORDER**

        Based on the pending Stipulation between the defense and the government, and good cause appearing therefore, the Court hereby finds that:

        1.     The parties desire to continue the preliminary hearing to facilitate pre-indictment resolution, and the government has provided defense counsel with discovery for that purpose. The parties are engaged in plea negotiations in an attempt to resolve this matter pre-indictment, and need additional time to finalize any agreement. If such an agreement is reached, the Court will need time to review and consider the agreement. To the extent an agreement cannot be reached, the defense will need additional time to prepare for a possible indictment/trial. The Court finds good cause to continue the hearing to allow the parties to reach a pre-indictment resolution.

        2.     Both counsels for defendant and counsel for the government agree to the continuance.

        3.     Defendant is not in custody and agree to the continuance.

        4.     The continuance is not sought for the purposes of delay, but to allow defense counsel an opportunity to examine the merits of this case, to prepare for the preliminary hearing and/or a possible indictment/trial, and to reach a potential resolution between the parties.

5.      Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

6.      The additional time requested by this stipulation is excludable in computing the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

THEREFORE, IT IS HEREBY ORDERED that the preliminary hearing in the above-captioned matter currently scheduled for February 27, 2023, at 4:00 p.m. be vacated and continued to June 5, 2023, at 4:00 p.m., Courtroom 3A.

DATED this 23rd day of February, 2023

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE